UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EISENHAUER ROAD MARKET CENTER, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:17-cv-00086 |
| V. | § § | |
| SCOTTSDALE INSURANCE COMPANY AND LARRY RICHARD CATT, | § § § | |
| Defendants. | | |

### SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Scottsdale Insurance Company ("Scottsdale") files its Notice of Removal to the United States District Court for the Western District of Texas on the basis of diversity of citizenship, improper joinder and amount in controversy, and respectfully shows the following:

### I.     PROCEDURAL BACKGROUND

1. On December 29, 2016, Plaintiff Eisenhauer Road Market Center filed its lawsuit in Bexar County, Texas naming Scottsdale and adjuster Larry Richard Catt ("Catt") as defendants.

2. Defendant Scottsdale received a copy of the Plaintiff's Petition on or about January 9, 2017.

3. Defendant Scottsdale files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). All such documents are fully

incorporated herein by reference. *See* Index of Matters Being Filed, attached hereto as Exhibit "A". The List of Parties and Counsel is attached as Exhibit "B". A copy of the Docket Sheet is attached as Exhibit "C". A copy of Plaintiff's Original Petition is attached as Exhibit "D." A Copy of Scottsdale's Original Answer is being filed as Exhibit "E". Catt's Original Answer is being filed as Exhibit "F". A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and embraces Bexar County, Texas, the place where the removed action has been pending.

## II.   BASIS FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

### A.   Plaintiff and Scottsdale are diverse

7. Plaintiff is, and was at the time the lawsuit was filed, a citizen of Texas.

8. Defendant Scottsdale is incorporated under the laws of the State of Ohio, and its principal administrative offices are located in Scottsdale, Arizona.

### B.   Defendant Catt has been improperly joined in this lawsuit

9. With respect to the claims against adjuster Catt, it is Defendant Scottsdale's position that he is improperly joined in this action and is therefore not a proper party to this lawsuit. Therefore, the Texas citizenship of Defendant Catt should be disregarded for the purposes of evaluating diversity in this matter. The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

10. The Fifth Circuit explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). Under the second way, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

11. A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting *Smallwood*, 385 F.3d at 573). "Certainly a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.* at *7.

12. If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C.*, at *7. The court further stated that "the *Smallwood* opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include

the in state court language.[1]  *Id.*  Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading standard embodied in that analysis."  *Id.* at *8.  Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twobly*, 550 U.S. 544, 547 (U.S. 2007).

13.     Additionally, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ."  *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In the context of joinder of non-diverse insurance adjusters, Courts in the Fifth Circuit require plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."  *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011).  Further, Eisenhauer's misrepresentation claims against Catt require it to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud.  Fed. R. Civ. P. 9; *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

14.     Here, however, Plaintiff fails to offer any specific actionable facts to support its claims against Catt that are distinct from Plaintiff's claims against Scottsdale, and therefore fail

---

[1] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d. at 573.  This test does not mention a state pleading standard.

to state a viable state law claim against Catt, individually.  *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

15. Plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.  Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

16. Plaintiff does not offer any factual support for its claims against the adjuster for which Catt may be held liable.  Plaintiff fails to make the required "factual fit between [its] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

17.     The "facts" asserted against Catt and Plaintiff's pleaded causes of action are incongruent. Plaintiff's failure to mention any **actionable facts** against Catt—facts that support a reasonable inference that Catt could be held individually liable under Plaintiff's pleaded causes of action under the Texas Insurance Code chapters 542 and 541, the Texas Deceptive Trade Practices Act, negligence, and fraud)—constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co*., 4:09-cv-165-A, 2009 WL 1437837, at *3–4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701–02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

18.     In addition, Plaintiff's allegations against Catt for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiff fails to allege that Catt's alleged misrepresentations are related **to coverage** or the

details of the Plaintiff's insurance policy with Scottsdale.  As explained in *One Way Investments, Inc. v. Century Surety Company, et al*., 2014 WL 6991277(N.D. Tex. Dec. 11, 2014), the type of factual allegations asserted against Catt, all of which relate to his inspection and determination regarding the extent of damage, are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.  Further, Plaintiff alleges several causes of action against Catt that it cannot recover.[2]

19.     Based upon the foregoing, it is clear adjuster Catt was improperly joined in an effort to defeat diversity jurisdiction.

20.     Further, without asserting facts as to how Catt, individually and not as an adjuster assigned by Scottsdale, committed an actionable violation of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal.  *Twombly*, 550 U.S. at 555.  Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.  *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).  Texas law is clear that to be liable for alleged Texas Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm.  *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).  Here, the alleged harm is Scottsdale's failure to pay for covered damages.

---

[2] Texas federal courts that have addressed § 541.060 unfair settlement practices allegations against an adjuster have found that the section only applies to insurers, and that it does not apply to adjusters. *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016)(J. Fitzwater); *see, Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'"); *see, e.g., Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex.App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship"). Chapter 542 only applies to insurers.  *See Richardson E. Baptist Church v. Philadelphia Indem*. Ins. Co., 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.–Dallas Mar. 30, 2016, no. pet. h.); *see, e.g.*, *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *6 (N.D.Tex. Aug. 31, 2015) ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer.").  Texas law does not recognize a cause of action for negligent claims handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997).

21. Importantly, to state a valid state law cause of action, Plaintiff's Original Petition must demonstrate a factual fit between the allegations and the pleaded theory of recovery. *First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 *4 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *see Griggs*, 181 F.3d at 700).  In the instant case, no such fit exists.  It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code.  *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages).  This, however, is precisely the pleaded claims against Catt in Plaintiff's Original Petition.  As pleaded, these claims are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

22. The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Scottsdale owes Plaintiff any amount for a covered loss.  Plaintiff's claim is for economic losses against Scottsdale, which are contractual claims.  Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law.  Therefore, Plaintiff's assertions against Catt, the non-diverse defendant, fail to show any likelihood of recovery against Catt, individually.  The citizenship of the non-diverse defendant Catt should be disregarded and removal of this case is proper.

**C.     Plaintiff's Pleaded Amount in Controversy Exceeds the Jurisdictional Threshold for subject matter jurisdiction.**

23. As alleged in its Original Petition, Plaintiff seeks monetary relief Over $1,000,000. Exhibit D, Plaintiff's Original Petition.  Indeed, it is facially apparent Plaintiff's pleaded amount in controversy exceeds the federal jurisdictional requirements.

### III. THIS REMOVAL IS PROCEDURALLY CORRECT

24. Scottsdale first obtained notice of this lawsuit on January 9, 2017, when it was served with Plaintiff's Original Petition. Thus, Scottsdale is filing this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

25. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District includes the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District.

26. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

27. Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

28. Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Bexar County District Court pursuant to 28 U.S.C. §1446(d).

29. Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Catt consents to this removal.

### IV. CONCLUSION

30. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Scottsdale hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ George H. Arnold*
George H. Arnold (*attorney-in-charge*)
State Bar No.  00783559
Federal Bar No. 15948
Raymond M. Kutch
State Bar No. 24072195
Federal Bar No. 1117857

One Riverway, Suite 1400
Houston, TX 77056
Telephone:  (713) 403-8388
Telecopy:  (713) 403-8299
garnold@thompsoncoe.com
rkutch@thompsoncoe.com

**ATTORNEYS FOR SCOTTSDALE INSURANCE COMPANY AND LARRY RICHARD CATT**

## CERTIFICATE OF SERVICE

This is to certify that on the 8th day of February 2017, a true and correct copy of the foregoing document was delivered to all counsel of record, via the Court's electronic notice system, in accordance with the Federal Rules of Civil Procedure:

Chad T. Wilson Law Firm PLLC
Chad T. Wilson
Kimberly N. Blum
1322 Space Park Dive, Suite A155
Houston, Texas 77058
Email: eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

*/s/ George H. Arnold*
George H. Arnold

10