# EXHIBIT D

CERTIFIED MAIL #70151660000043923087 **Case Number: 2016-CI-20509**

**EISENHAUER ROAD MARKET CENTER**

*Plaintiff*

vs.

**SCOTTSDALE INSURANCE COMPANY ETAL**

*Defendant*

(Note: Attached document may contain additional litigants).

**CITATION**

2016CI20509   S00004

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** LARRY RICHARD CATT

PO BOX 740
WIMBERLEY TX 78676

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 29th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF DECEMBER A.D., 2016.

PETITION

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
1322 SPACE PARK DR A155
HOUSTON, TX 77058-3400



**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205
By: *Maria J Abilez*, Deputy

---

Officer's Return

Came to hand on the 29th day of December 2016, A.D., at 12:28 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

Donna Kay M<sup>c</sup>Kinney
Clerk of the District Courts of
Bexar County, Texas

By: *Maria J Abilez*, Deputy

ORIGINAL (DK003)

**EXHIBIT D**

FILED
11/29/2016 5:16:27 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Debra Garay

2 O/C CIT-SAC2  W J/D

CAUSE NO. **2016CI20509**

| | | |
|---|---|---|
| EISENHAUER ROAD MARKET CENTER, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | BEXAR COUNTY, TEXAS |
| SCOTTSDALE INSURANCE COMPANY | § | |
| AND LARRY RICHARD CATT, | § | |
| | § | |
| | § | **45th** DISTRICT COURT |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Eisenhauer Road Market Center, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Scottsdale Insurance Company ("Scottsdale") and Larry Richard Catt ("Catt") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiff, Eisenhauer Road Market Center, is located in Bexar County, Texas.

3.    Defendant, Scottsdale Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon Scottsdale Insurance Company at: **1 West Nationwide Boulevard, Dspf 78, Columbus, Ohio 43215-2220**.  Plaintiff requests service at this time.

4.    Defendant Larry Richard Catt is an individual resident of Wimberley, Texas.  Catt may be

served with citation at the address listed with the Texas Department of Insurance: **P.O. Box 740, Wimberley, Texas 78676**. Plaintiff requests service at this time.

## JURISDICTION

5.   The Court has jurisdiction over Scottsdale because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Scottsdale's business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

6.   The Court has jurisdiction over Catt because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

## VENUE

7.   Venue is proper in Bexar County, Texas because the insured property is located in Bexar County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, negligence, gross negligence, and violations of the Texas DTPA.

9.   Plaintiff owns a Scottsdale Insurance Company commercial insurance policy, number CPS2217146 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 3903 Eisenhauer Road, San Antonio, Texas 78218 ("the Property").

2

10.   Scottsdale or its agent sold the Policy, insuring the Property, to Plaintiff. Scottsdale or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's Property. Scottsdale has refused the full extent of that coverage currently owed to Plaintiff.

11.   On or about 04/12/2016, the Property sustained extensive damage resulting from a severe storm that passed through the San Antonio, Texas area.

12.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Scottsdale against the Policy for damage to the Property. Scottsdale assigned claim number 1703207 to Plaintiff's claim.

13.   Plaintiff asked Scottsdale to cover the cost of damage to the Property pursuant to the Policy.

14.   Damaged areas of the property include, but are not limited to the HVAC, roof, interior, sheetrock, downspouts, vents and windows.

15.   Scottsdale assigned or hired Catt to adjust the claim.

   a.   Catt had a vested interest in undervaluing the claims assigned to him by Scottsdale in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of other public adjuster's is evidence of fraud on the part of Catt. The valuation of damages that were included in Catt's report compared to other public adjuster's is also evidence of fraud on the part of Catt.

   b.   Catt made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

16.   Scottsdale, through its agents, namely Catt, conducted a substandard and improper

3

inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around April 15, 2016. Catt's failure to adjust this claim properly extends beyond merely underpaying the claim.

18. Specifically, Catt failed to account for the following during his assessment:

    a.  Catt did not account for any height allowances or safety considerations in compliance with OSHA regulations. For instance, Catt did not allow for the protection of egress points or scaffolding.

    b.  Catt did not take a core sample of the roof to ascertain the full extent of the roofing system.

    c.  On line items #2 and #3 of his estimate, Catt allotted to repair the built up ply roofing. However, repairing this type of roof would never be up to code.

    d.  On line item #4 of his estimate, Catt allotted to remove and replace 27 square feet of 3'' ISO insulation. This allotment is not up to code. Code requires 3.5'' of poly ISO insulation.

    e.  On line item #5 of his estimate, Catt allotted to replace 500 LF of an expansion joint. This is an incorrect measurement. The expansion joint is approximately 750 LF.

    f.  On line item #6 of his estimate, Catt incorrectly measured the bitumen roof. At a minimum, this measurement should read 13.98 SQ, not the 8.00 SQ Catt allotted payment for.

    g.  On line item #7 of his estimate, Catt allotted to replace the steel wall coping.

4

Coping is just one of the many flashings present on the property, and the additional flashing should have been accounted for by Catt.

h.  On line items #10-11 of his estimate, Catt's measurements omit the offset section in the front of the building,

i.  With respect to the sprayed polyurethane foam roofing, Catt failed to account for any damage to collateral roofing components like the roof mounted lighting, ventilation, and CCTV units.

j.  On line item #12 of his estimate, Catt omitted approximately 1,200 SF of paneling.

k.  On line item #13 of his estimate, Catt omitted approximately 300 SF of paneling.

l.  With respect to the exterior of the Property, Catt omitted damage to all gutter systems, when these gutter systems should have been included in his estimate. Catt also omitted any line items to properly paint the damaged exterior.

m.  With respect to the interior of the Property, Catt likely did not conduct a thorough evaluation. Catt allotted to replace 40 square feet of interior ceiling tiles. This equates to anywhere from 5-8 individual ceiling tiles. The building itself is over 100,000 square feet.

n.  With respect to general conditions, Catt incorrectly adjusted the claim as follows:

   i.  Catt allotted for a 'toilet minimum' in the amount of $120.18 but no actual toilet rental. Standard toilet rental would typically cost anywhere from $120-150 per day.

   ii.  Catt did not allow for any protective fencing or material storage, which would make the building dangerous for the public during repairs.

5

        iii.  Catt did not allow for any man lifts or other safety allowances.

        iv.  Catt allotted improper dumpster applications for the repair work.

        v.  Catt did not allot payment for general labor or project supervision.

        vi.  Catt did not allot payment for any permit or architectural fees.

     o.  Finally, the roof has gas and plumbing lines that require a plumber and electrician. This work will take anywhere between 40 and 120 hours to complete. The labor needed to complete this work is not properly reflected in Catt's estimate.

19.    After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs to Plaintiff's Property

20.    To date, Plaintiff has received $436,872.09 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $3,029,073.96.

21.    Since due demand was made on 08/31/2016, Scottsdale has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

22.    As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Scottsdale failed to provide full coverage due under the Policy.

23.    As a result of Scottsdale's failure to provide full coverage, along with Scottsdale's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

24.    Scottsdale failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Scottsdale refused to pay the full proceeds of the Policy, although due demand

was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

25.  Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Scottsdale and Plaintiff.

26.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

27.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

28.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Scottsdale, through its agents, servants, and representatives, namely Catt, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

29.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny

7

Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

30. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

31. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## SCOTTSDALE INSURANCE COMPANY

### BREACH OF CONTRACT

32. All allegations above are incorporated herein.

33. Scottsdale is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Scottsdale and Plaintiff.

34. Scottsdale's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

35. All allegations above are incorporated herein.

36.   Scottsdale's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

37.   Scottsdale's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

38.   Scottsdale's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

39.   Scottsdale's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

40.   Scottsdale's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

41.   Scottsdale's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42.   All allegations above are incorporated herein.

9

43.   Scottsdale's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

44.   Scottsdale's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

45.   Scottsdale's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.   All allegations above are incorporated herein.

47.   Scottsdale's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48.   Scottsdale's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Scottsdale knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49.   All allegations above are incorporated herein.

50.   Scottsdale's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Scottsdale pursuant to the DTPA.  Plaintiff has met all conditions

precedent to bringing this cause of action against Scottsdale.  Specifically, Scottsdale's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Scottsdale has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Scottsdale's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Scottsdale represented to Plaintiff that the Policy and Scottsdale's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Scottsdale also represented to Plaintiff that the Policy and Scottsdale's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Scottsdale advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Scottsdale breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Scottsdale's actions are unconscionable in that Scottsdale took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

11

Scottsdale's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Scottsdale's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

51.   Each of the above-described acts, omissions, and failures of Scottsdale is a producing cause of Plaintiff's damages.   All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

52.   All allegations above are incorporated herein.

53.   Scottsdale is liable to Plaintiff for common law fraud.

54.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Scottsdale knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

55.   Scottsdale made the statements intending that Plaintiff act upon them.   Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT
## LARRY RICHARD CATT

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

56.   All allegations above are incorporated herein.

57.   Catt's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim
      Settlement Practices Act. TEX. INS. CODE §541.060(a).

58.   Catt is individually liable for his unfair and deceptive acts, irrespective of the fact that he
      was acting on behalf of Scottsdale, because Catt is a "person," as defined by TEX. INS.
      CODE §541.002(2).

59.   Catt knowingly underestimated the amount of damage to the Property. As such, Catt failed
      to adopt and implement reasonable standards for the investigation of the claim arising
      under the Policy. TEX. INS. CODE §542.003(3).

60.   Furthermore, Catt did not attempt in good faith to effect a fair, prompt, and equitable
      settlement of the claim. TEX. INS. CODE §542.003(4).

61.   Catt's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable
      explanation of the basis in the Policy, in relation to the facts or applicable law, for
      underpayment of the claim, also constitutes an unfair method of competition and an unfair
      and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

62.   Catt's unfair settlement practice of failing to attempt in good faith to make a prompt, fair,
      and equitable settlement of the claim, even though liability under the Policy was reasonably
      clear, constitutes an unfair method of competition and a deceptive act or practice in the
      business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

63.    All allegations above are incorporated herein.

64.    Catt's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Catt pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Catt.  Specifically, Catt's violations of the DTPA include the following matters:

A.    By this Defendant's acts, omissions, failures, and conduct, Catt has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Catt's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Catt represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Catt represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Catt's actions are unconscionable in that Catt took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Catt's

14

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Catt's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

65.   Each of Catt's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Catt, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## FRAUD

66.   All allegations above are incorporated herein.

67.   Scottsdale assigned or hired Catt to adjust the claim.

   a.   Catt had a vested interest in undervaluing the claims assigned to him by Scottsdale in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of other public adjuster's is evidence of fraud on the part of Catt. The valuation of damages that were included in Catt's report compared to other public adjuster's is also evidence of fraud on the part of Catt.

   b.   Catt made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

## NEGLIGENCE

68.   All allegations above are incorporated herein.

15

69.   Catt was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a.   Failure to conduct a reasonable inspection;

b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

c.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.   Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.   Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

70.   Catt's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

71.   At all relevant times, Catt was an agent or employee of Defendant Scottsdale.

72.   Catt's unreasonable inspection was performed within the course and scope of his duties with Defendant Scottsdale. Therefore, Scottsdale is also liable for the negligence of Catt through the doctrine of respondeat superior.

**GROSS NEGLIGENCE**

73.   All allegations above are incorporated herein.

74.   Catt's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

a. Catt's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

b. Catt had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

75. Catt intentionally misrepresented the scope and amount of damages on the estimates prepared for Plaintiff's Property on behalf of Scottsdale. His estimates were such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

76. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

77. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

78.  Since the claim was made, Scottsdale has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

79.  Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

80.  Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

81.  For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

82.  For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the

18

acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84.  For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Scottsdale owed, and exemplary damages.

85.  Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.  For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(5) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

89.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

90.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Bexar County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Scottsdale Insurance Company and Larry Richard Catt, be cited and served to appear, and that upon trial hereof, Plaintiff, Eisenhauer Road Market Center, has and recovers from Defendants, Scottsdale Insurance Company and Larry Richard Catt, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Eisenhauer Road Market Center, may be justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Kimberly N. Blum
Bar No. 24092148
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

21

## CHAD T. WILSON LAW FIRM

CHAD T. WILSON - Attorney at Law                      cwilson@cwilsonlaw.com
KIMBERLY BLUM - Attorney at Law                       kblum@cwilsonlaw.com
CHRISTIAN E. HAWKINS - Attorney at Law                chawkins@cwilsonlaw.com

November 29, 2016

Ms. Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva Street, #112
San Antonio, Texas 78204

     **RE:  Cause No.:_____; *Eisenhauer Road Market Center vs. Scottsdale Insurance Company and Larry Richard Catt*; In the ____ Judicial District Court of Bexar County, Texas**

Dear Ms. McKinney:

     Please prepare a civil process citation for the following and have each served by Certified Mail Return Receipt Requested through the court:

     1.  Scottsdale Insurance Company
        1 West Nationwide Boulevard
        DSPF 78
        Columbus, Ohio 43215-2220

     2.  Larry Richard Catt
        P.O. Box 740
        Wimberley, Texas 78676

     I understand that there is a charge for this service and an additional charge to attach a copy of the Original Petition to the citation will be charged.  If any additional information is needed, feel free to contact this office.  Thank you for your cooperation and assistance.

     Sincerely yours,

     Chad T. Wilson
     Texas State Bar No. 24079587
     Chad T Wilson Law Firm PLLC
     Office:  (832) 415-1432
     Fax:     (281) 940-2137