UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 0 9 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| EISENHAUER ROAD MARKET CENTER, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 5:17-CV-86-OLG |
| | ) |
| SCOTTSDALE INSURANCE COMPANY | ) |
| and LARRY RICHARD CATT, | ) |
| | ) |
| *Defendants.* | ) |

### ORDER

This case is before the Court on Plaintiff's Motion to Abstain and Remand (docket no. 5). The Court finds that Plaintiff's motion should be GRANTED.

### Background

This action arises out of a dispute over an insurance claim regarding hail storm damage incurred on April 12, 2016. Plaintiff initiated this action by filing an Original Petition in the 45th Judicial District Court of Bexar County Texas on November 29, 2016. Docket no. 1-4. Plaintiff's Original Petition asserts claims for breach of contract; unfair settlement practices, prompt payment violations, and breach of the duty of good faith and fair dealing in violation of the Texas Insurance Code; violations of the Deceptive Trade Practices Act (DTPA); and fraud against Defendant Scottsdale Insurance Company (Scottsdale), which is incorporated and headquartered in Ohio, and claims for unfair settlement practices in violation of the Texas Insurance Code; DTPA violations; fraud; negligence; and gross negligence against Defendant Larry Richard Catt, a Scottsdale insurance adjuster and Texas resident. Docket nos. 1 at ¶ 8; 1-4 at ¶¶ 4, 6, 15, 32-75. Plaintiff seeks damages in the amount of $1,000,000.00. *Id.* at ¶ 88.

On February 8, 2017, Defendant Scottsdale removed the action to this Court. Docket no. 1. In its motion seeking remand, Plaintiff argues that this Court lacks subject matter jurisdiction because complete diversity is lacking between the parties since both Plaintiff and Defendant Catt are Texas residents. Docket no. 5 at 1-2. In response, Defendant Scottsdale argues that Defendant Catt's citizenship should be disregarded for jurisdictional purposes because he was improperly joined. Docket no. 6 at ¶¶ 2, 5-8 (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

## Legal Standards & Analysis

The federal removal statute, 28 U.S.C. § 1441, authorizes removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[,]" and when the basis for that original jurisdiction is the diversity of the parties, the suit is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, the removal statute requires complete diversity among the parties, and prohibits federal courts from refusing jurisdiction where diversity is destroyed by improper joinder, or from exercising jurisdiction where diversity is created by improper or collusive joinder. 28 U.S.C. §§ 1359 (prohibiting exercise of jurisdiction where "any party . . . has been improperly or collusively made or joined to invoke the jurisdiction of such court"); 1441(b) (allowing removal only complete diversity exists among all "properly joined" parties); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc). Improper joinder may be established by "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.23d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646 (5th Cir. 2003)).

The Court assesses the sufficiency of the plaintiff's state-court petition for purposes of removal and improper joinder under federal pleading standards. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Where, as here, the party challenging joinder alleges the plaintiff's inability to establish a cause of action against the non-diverse party in state court, the Court must conduct a Rule 12(b)(6)-type analysis and "[i]f a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Int'l Energy Ventures Mgmt., LLC*, 818 F.3d at 201. "When a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Davidson v. Georgia-Pac., LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (internal quotation marks omitted).

"The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson*, 819 F.3d at 765 (internal quotation marks and alteration omitted). All unchallenged factual allegations, including those in the complaint, are construed in the light most favorable to the plaintiff, and "[a]ny contested issues of fact and any ambiguities of state law" must be resolved in the plaintiff's favor. *Davidson*, 819 F.3d at 765. The Court must also "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non[ ]diverse defendant." *Davidson*, 819 F.3d at 765 (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004)).

Plaintiff alleges that Defendant Catt "knowingly underestimated the amount of damage to the Property[,]" "failed to adopt reasonable standards for the investigation of the claim[,]" "did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim[,]" and "fail[ed] to attempt in good faith to make a prompt, fair, and equitable settlement of the claim" in violation of Tex. Ins. Code §§ 541.060(a)(2) and (3) and 542.003(b)(3) and (4). Docket no. 1-4 at

¶¶ 56-62. Plaintiff also alleges that Defendant Catt violated the DTPA, Tex. Bus. & Com. Code §§ 17.46(b)(2), (5), and (7) and 17.50(a)(3) and (4), by "failure to give Plaintiff the benefit of the doubt" and misestimating the required repairs to Plaintiff's property, misrepresenting the quality and characteristics of his services, and engaging in unconscionable conduct. *Id.* at ¶¶ 63-65. Plaintiff also alleges that Defendant Catt engaged in fraud by misrepresenting the amount of the damage to its property, *id.* at ¶¶ 66-67; was negligent in failing to conduct a reasonable inspection, identify the cause and scope of the damage to Plaintiff's property, identify the cost of proper repairs, and communicate his reasoning to Plaintiff, *id.* at ¶¶ 68-72; and was grossly negligent because, Plaintiff alleges, he intentionally misrepresented the scope and amount of damages, *id.* at ¶¶ 73-75.

Defendant argues that Plaintiff's statutory and fraud claims are subject to the heightened pleading requirement of Fed. R. Civ. P. 9(b), which requires that his pleading "specify the statements considered to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) (summarizing requirements of Fed. R. Civ. P. 9(b)). The Court finds that Plaintiff's pleading satisfies the heightened pleading requirements of Rule 9(b) because it identifies Defendant Catt's allegedly fraudulent statements, the timing of those statements, and the circumstances surrounding those statements. Docket no. 1-4 at ¶¶ 17-18.

Defendant argues that Defendant Catt cannot be liable for Plaintiff's claims under Chapter 541 of the Texas Insurance Code because, as an individual insurance adjuster rather than an insurer, he lacked authority to promptly render a coverage determination as required by

Section 541.060(a)(2) and was not obligated under Section 541.060(a)(3) to provide an explanation of the basis for a claim determination. Docket no. 6 at ¶¶ 17-20 (citing *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) for the proposition that "[Section 541.060] only applies to insurers and does not apply to adjusters"). The reasoning of the Court in *Ministerio*, in turn, draws from an earlier case in that district, *Messersmith v. Nationwide Mutual Fire Insurance Co.*, No. 3:13–CV–4101–P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014).

However, the Fifth Circuit has held that an individual adjuster may be liable for a violation of the Texas Insurance Code, and that when a plaintiff alleges that an insurance company violated the insurance code[1] through the conduct of an individual adjuster, the plaintiff may assert claims against both the company and the adjuster in their individual capacity. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282-84 (5th Cir. 2007); *see also Adan v. Penn-Am. Ins. Co.*, DR-15-CV-050-AM, 2016 WL 8229284, at *4 (W.D. Tex. Mar. 30, 2016) (discussing *Gasch* and *Messersmith*). Some Texas federal courts have reached inconsistent results in attempting to reconcile *Messersmith* with the reasoning in *Gasch*. *See, e.g., Mehar Holdings, LLC v. Evanston Ins. Co.*, 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016); *Arlington Heights Mem'l Post No. 8234 Veterans of Foreign Wars of the United States, Fort Worth, Texas v. Covington Specialty Ins. Co.*, 3:16-CV-3112-B, 2017 WL 1929124, at *3-*4 (N.D. Tex. May 10, 2017) (discussing split as to viability of claims against individual insurers under Section 541.060(a)(2); noting that existence of split weighs in favor of remand to state court). Courts in this District have held that, consistent with *Gasch*, "when the insurer violates

---

[1] Because the Court in *Gasch* reviewed claims arising from the Texas Insurance Code before its nonsubstantive 2007 amendments, it refers to Article 21.21—statutory text that is substantially identical to the current Chapter 541. *See Birch v. Stillwater Ins. Co.*, 5:15-CV-448-DAE, 2015 WL 5125885, at *3 n.2 (W.D. Tex. Sept. 1, 2015).

[Section 541.060(a)(2)] through the actions of [its] adjuster, the same claims that can be stated against the corporation can be stated against its agent."[2]

The Court agrees that, in accordance with *Gasch*, Plaintiff may proceed against Defendant Catt on his Chapter 541 claims. The Court further finds that Plaintiff's factual pleadings, assumed to be true, are sufficient to state claims under Chapter 541 against Defendant Catt. *Mehar Holdings*, 2016 WL 5957681, at *4 (similar factual allegations were sufficient to state a Chapter 541 claim against an individual adjuster). Moreover, as some district courts have noted, the existence of uncertainty regarding the scope of Chapter 541 liability itself weighs in favor of remand to state court. *Mehar Holdings*, 2016 WL 5957681, at *4; *Arlington*, 2017 WL 1929124, at *4. And, to the extent that Defendant argues that Plaintiff's pleading of Texas Insurance Code violations is insufficient as to both Defendants, this argument raises a dispositive question best left to the state court given this Court's lack of subject matter jurisdiction. *Ruhrgas*, 526 U.S. at 587; *Levin*, 560 U.S. at 434; *Rodgers*, 819 F.3d at 208 & n.6.

Defendant's arguments regarding the availability of extra-contractual damages, the independent injury rule, and the economic loss doctrine do not establish the futility of Plaintiff's claims against Defendant Catt or require that his citizenship be disregarded. Docket no. 6 at ¶¶ 24-26. Since Plaintiff has adequately pleaded contractual damages, any argument regarding the availability of extra-contractual damages is irrelevant to the improper joinder analysis. *Kris Hosp.*, 2017 WL 437424, at *4; *see also USAA Texas Lloyds Co. v. Menchaca*, 14-0721, 2017

---

[2] *See, e.g., Meza v. Underwriters at Lloyd's of London Syndicate 2488 & Syndicate 2003*, DR-14-CV-087-AM/VRG, 2015 WL 13273303, at *5 (W.D. Tex. Sept. 30, 2015); *see also Mehar Holdings, LLC v. Evanston Ins. Co.*, 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016); *Kris Hosp. LLC v. Tri-State Ins. Co. of Minnesota*, SA-16-CV-01229-XR, 2017 WL 437424, at *4 (W.D. Tex. Jan. 31, 2017); *Navarro v. Safeco Ins. Co. of Indiana*, A-12-CA-691-SS, 2012 WL 12850769, at *3 (W.D. Tex. Oct. 12, 2012); *Vantex II P'ship v. Sec. Nat'l Ins. Co.*, P-13-CV-021, 2013 WL 12090076, at *4 (W.D. Tex. Nov. 25, 2013); *but cf. McClelland v. Chubb Lloyd's Ins. Co. of Texas*, 5:16-CV-00108, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016).

WL 1311752, at *12 (Tex. Apr. 7, 2017) ("An insured who establishes a right to receive benefits under the policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits.").

In light of the conclusions that Chapter 541 claims against Defendant Catt are viable, that Catt's citizenship cannot be disregarded, and that this Court therefore lacks subject matter jurisdiction over this case, the Court need not address the parties' arguments regarding the viability of Plaintiff's other claims against Defendant Catt. *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.") (internal citations omitted). The Court likewise declines to consider the remaining dispositive arguments raised by Defendants. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587 (1999); *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 434 (2010); *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 208 & n.6 (5th Cir. 2016).

## Conclusion & Order

It is therefore ORDERED that Plaintiff's Motion to Abstain and Remand is GRANTED and that this case is REMANDED to the 45th Judicial District Court of Bexar County.

It is further ORDERED that Defendant's Motion to Compel Appraisal and Abatement (docket no. 12) is DENIED AS MOOT, subject to reurging in state court.

The Clerk of the Court is hereby instructed to close the case upon entry of this Order.

SIGNED this 9 day of June, 2017.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE